United States District Court
Southern District of Texas
**ENTERED**
October 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY SELF, JR., Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-15-1569 |
| QUINN'S RENTAL SERVICES (USA), LLC, *f/k/a* QUINN'S ENERGY SERVICES, LLC, *f/k/a* LEE SPECIALTIES (USA), LLC, | § § § § | |
| Defendant. | § § | |

**ORDER**

Gary Self, Jr., individually and on behalf of all opt-in plaintiffs and others similarly situated, moves for leave to amend his complaint to add three individual defendants to this FLSA suit: James R. Lee, Doug Quinn, and Steve Van Tetering. (Docket Entry No. 62). Defendant Quinn's Rental Services responded by arguing that Mr. Self's delay in seeking leave to amend and failure to show good cause for the delay, as well as the futility of any amendment, requires the court to deny the motion. (Docket Entry No. 63). Mr. Self has replied. (Docket Entry No. 64).

"Although Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation marks omitted). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential

prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres*, 782 F.3d at 237 (alterations in original) (quotation marks omitted).

The deadline to amend pleadings has passed. (*See* Docket Entry No. 27). Mr. Self moves to add three individual defendants to this suit who are all employers or joint employers of the collective class because he learned after the amendment deadline, during a mediation around January 21, 2016, that Quinn's Rental Services did not have the financial resources available to "make the class whole." (Docket Entry No. 62 at p. 2). Mr. Self did not file his opposed motion for leave to amend his complaint until May 16, 2016. (Docket Entry No. 62).

Mr. Self explained his failure to timely comply with the scheduling order by noting that he did not learn about Quinn's Rental Services's financial status until January 2016. Mr. Self has not explained why he delayed in filing the motion to amend the complaint until May 2016, four months after he learned this information.

Mr. Self must file a supplemental brief addressing solely this issue by November 4, 2016. Quinn's Rental Services may respond by November 11, 2016.

SIGNED on October 27, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge