United States District Court
Southern District of Texas
**ENTERED**
November 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY SELF, JR., Individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-15-1569 |
| § | |
| QUINN'S RENTAL SERVICES (USA), LLC, § *f/k/a* QUINN'S ENERGY SERVICES, LLC, § *f/k/a* LEE SPECIALTIES (USA), LLC, § § | |
| Defendant. § | |

**ORDER**

Gary Self, Jr. sued individually and on behalf of other similarly situated employees of the defendant, alleging a failure to pay overtime as required by the FLSA. He has moved for leave to amend his complaint to add James R. Lee, Doug Quinn, and Steve Van Tetering as defendants. (Docket Entry No. 62). The named defendant, Quinn's Rental Services, responded by arguing that Mr. Self's delay in seeking leave to amend, his failure to show good cause for the delay, and the futility of the proposed amendment, require the court to deny the motion. (Docket Entry No. 63). Mr. Self has replied. (Docket Entry No. 64).

"Although Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation marks omitted). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to

timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres*, 782 F.3d at 237 (alterations in original) (quotation marks omitted).

As the party seeking to modify the scheduling order, Mr. Self has the burden to show good cause. *Id.* If good cause is shown, "then the more liberal standard of Rule 15(a) will apply." *Id.* (quotation marks omitted). In deciding whether good cause is shown and whether to grant leave to amend, a district court may consider undue delay, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

The deadline to amend pleadings has passed. (*See* Docket Entry No. 27). Mr. Self moves to add three individual defendants to this suit who he alleges are employers or joint employers of the collective class. He alleges that the amendment is required because he learned after the amendment deadline, during a mediation held around January 21, 2016, that Quinn's Rental Services did not have the financial resources available to "make the class whole." (Docket Entry No. 62 at p. 2). Mr. Self filed his opposed motion for leave to amend his complaint on May 16, 2016, four months after the mediation. (Docket Entry No. 62).

Mr. Self explained that he did not comply with the scheduling order because he did not learn about Quinn's Rental Services's financial status until January 2016. (Docket Entry Nos. 62, 64). This court ordered Mr. Self to explain the delay between learning of Quinn's Rental Services's financial status in January 2016 and filing the motion to amend the complaint in May 2016. (Docket Entry No. 68). Mr. Self did not respond to that inquiry. This weighs against finding good cause.

However, at this stage in the litigation, before discovery, Quinn's Rental Services does not

contend that it would be prejudiced by the addition of the individual defendants. (Docket Entry No. 63). Because there would be no prejudice, there is no need to grant a curative continuance. Mr. Self contends that this amendment is important because, without the addition of the individual defendants, he, and the collective class, will likely not be able to collect any damages from Quinn's Rental Services. These factors weigh in favor of finding good cause to allow the amended pleadings.

Although Mr. Self failed to respond to the court's inquiry, assessing the factors together, the court concludes that Mr. Self has demonstrated good cause to modify the scheduling order. *Compare Veldekens v. GE HFS Holdings, Inc.*, No. CIV.A. H-06-3296, 2008 WL 190442, at *4 (S.D. Tex. Jan. 22, 2008) (the court did not find good cause when the plaintiff failed to explain the delay in, or importance of, the proposed amendment, and allowing it would be prejudicial at the advanced stage of litigation).

Quinn's Rental Services contends that Mr. Self should not be allowed to amend because he knew at the outset that he could name the individual employers but chose not to do so. A court may deny a motion for leave to amend if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). Cases denying leave to amend under this theory generally involve a later stage of litigation, with greater risk of prejudice, than is present here. *See id.* (denying motion to amend complaint after primary liability theory was dismissed and no reason was given for the delay); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340–41 (2d Cir. 2000) (Sotomayor, J.) (denying leave to amend under Rule 16(b) after a summary judgment motion was filed, when the facts were known to plaintiff when the complaint

3


was filed); *Pope v. MCI Telecomms., Inc.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a), a motion to amend a complaint filed the week before trial to add new claims was though they were based on the same facts already pleaded because trial was imminent).  There is no similar risk of prejudice in this case.

Quinn's Rental Services also contends that the proposed amendment is futile because the individual supervisors Mr. Self wants to add are not employers under the FLSA.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("[T]o determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).").  Quinn's Rental Services's argues that under the economic-realities test, the proposed individual defendants did not have the power to hire or fire the plaintiffs; to supervise or control their work schedules or the conditions of their employment; or to determine the rate or method of payment; and did not maintain any employment records.  (*Id.*) (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).  However, Mr. Self alleged facts relating to these economic-realities factors. (Docket Entry No. 62-1 at ¶ 2.7).  He also contended that the individual defendants and Quinn's Rental Services are joint employers under 29 C.F.R. § 791.2.  Quinn's Rental Services's futility argument is better characterized as a challenge to the factual basis for Mr. Self's allegations. (See Docket Entry No. 63 at p. 5) ("It is the understanding of the undersigned that the Individual Defendants did not have the power to hire and fire Plaintiffs, did not supervise or control Plaintiffs' work schedules or the conditions of their employment, did not determine the rate and method of payment to Plaintiffs and did not maintain Plaintiffs' employment records.").  The pleading itself is not futile.

Considering the balance of all the factors leads to granting Mr. Self's motion for leave to amend his complaint. (Docket Entry No. 62).

SIGNED on November 21, 2016, at Houston, Texas.

                                                    Lee H. Rosenthal
                                        Chief United States District Judge